UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JORGE SANTOS** | **CIVIL ACTION** |
| **VERSUS** | |
| **THE BATON ROUGE WATER WORKS COMPANY** | **NO. 18-1098-JWD-RLB** |

## **ORDER**

Before the Court is Plaintiff's Unopposed Motion for Reconsideration of Joint Motion to Modify Scheduling Order (R. Doc. 8) filed on October 21, 2019. (R. Doc. 10).

Jorge Santos ("Plaintiff") commenced this employment discrimination action against his former employer The Baton Rouge Water Works Company ("Defendant") on December 24, 2018. (R. Doc. 1).

On February 27, 2019, the Court issued a Scheduling Order setting, among other things, the deadline to complete non-expert discovery on November 1, 2019, the deadline to complete expert discovery on January 14, 2020, the deadline to file dispositive motions and Daubert motions on February 14, 2020, and for trial to commence on August 31, 2020. (R. Doc. 7).

On September 30, 2019, the parties filed a Joint Motion to Modify Scheduling Order approximately one month prior to the deadline to complete non-expert discovery. (R. Doc. 8). The parties sought 90-day extensions of the discovery deadlines and the deadline to file dispositive motions. The Court denied the motion for failure to demonstrate good cause pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, noting, among other things, that it was unclear when the referenced written discovery was conducted and why the parties needed an additional 90 days to discuss discovery issues.

JURY

Plaintiff again asks for the foregoing extensions through the instant Motion. (R. Doc. 10). Plaintiff represents that he served written discovery requests on Defendant on May 20, 2019, Defendant provided responses on June 25, 2019 (by agreement of the parties), the parties discussed the sufficiency of the responses over the course of the following months, and Plaintiff served additional discovery requests on September 20, 2019 pertaining to his request for the production of video surveillance footage and photographs. (R. Doc. 10-1 at 2-3). After the Court denied the parties' previous motion, defense counsel informed Plaintiff's counsel that Defendant does not have video surveillance footage from the relevant period, metadata associated with produced photographs, or certain documents with respect to employee's personnel records. (R. Doc. 10-1 at 3-4). Defense counsel also represented that "one potentially key witness is no longer employed with Defendant and may have moved out of state." (R. Doc. 10-1 at 4). Plaintiff states that he is investigating alternative means, including third-party discovery, to obtain the foregoing information. (R. Doc. 10-1 at 4). Plaintiff also asserts that Defendant intends to depose Plaintiff, Plaintiff intends to depose Defendant's HR representative, and Plaintiff is "still determining what additional depositions may be taken." (R. Doc. 10-1 at 4-5). In the alternative to extending the trial date, Plaintiff requests the deadlines to be extended to the greatest extent possible without interfering with the trial date. (R. Doc. 10-1 at 6-7).

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has

established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x. 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

The Scheduling Order informed the parties that "[j]oint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically" and that "[e]xtensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery." (R. Doc. 7 at 2-3).

Plaintiff has provided further details with respect to the written discovery that has been conducted and some of the new challenges that have arisen in completing discovery. It is also evident that the attorneys are communicating well in an attempt to seek resolution of potential issues without court involvement. That said, it remains unclear why the parties have been unable to complete discovery, including the taking of depositions, within the time provided in the Scheduling Order, or why Defendant waited until after the denial of the Joint Motion to Modify Scheduling Order to inform Plaintiff that it did not possess requested video surveillance footage and other information requested in written discovery requests. These issues should have been addressed much earlier in the discovery process through good faith discussions and, if necessary, motions practice.

Given the importance of the discovery sought, and with the consent of the district judge, the Court will grant the parties' request. As previously indicated, such relief will necessarily

require modification of the trial date. Accordingly, the Motion for Reconsideration (R. Doc. 10) is **GRANTED**.

The Scheduling Order (R. Doc. 7) is amended as follows:

1. The deadline to join other parties or to amend the pleadings is Expired.

2. Discovery must be completed as follows:

    a. Exchanging initial disclosures required by F.R.C.P. 26(a)(1): Expired.

    b. **Filing** all discovery motions and **completing** all discovery except experts: **February 14, 2020.**

    **NOTE:** Any motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.

    c. Disclosure of identities and resumés of experts:

    **Plaintiff(s):** **December 30, 2019.**

    **Defendant(s):** **January 30, 2020.**

    d. Expert reports must be submitted to opposing parties as follows:

    **Plaintiff(s):** **February 14, 2020.**

    **Defendant(s):** **March 13, 2020.**

    e. Discovery from experts must be completed by **April 14, 2020.**

3. Deadline to file dispositive motions and Daubert motions: **May 14, 2020.**

4. Deadline to file pre-trial order: **September 4, 2020.**[1]

    Prior to the filing of the pretrial order, the parties will exchange or make available for inspection all exhibits which the parties will or may introduce at trial.

---

[1] Motions to extend or otherwise modify this date and the dates/deadlines that follow shall be directed to the district judge.

5.   Deadline to file motions in limine: **October 6, 2020.**

6.   Deadline to file an affidavit of settlement efforts: **October 27, 2020.**

7.   Pre-trial conference date: **September 24, 2020 at 2:30 p.m.** in the chambers of the Honorable John W. deGravelles.

8.   Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge: **November 13, 2020.**

     **The information regarding the Honorable John W. deGravelles' pretrial order may be found on the court's website at** (http://www.lamd.uscourts.gov) **under "Judges' Info."**

9.   A **3-day jury trial** is scheduled for **9:00 a.m. beginning on November 30, 2020 in Courtroom 1.**

Signed in Baton Rouge, Louisiana, on October 25, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**